[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-14157

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EMMETT JACKSON, III,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:16-cr-00139-TFM-B-1

————————————————

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Emmett Jackson III appeals his 24-month sentence imposed after the revocation of his previous term of supervised release. On appeal, Jackson argues that the district court abused its discretion by imposing an upward variance from the advisory guideline range to the statutory maximum, contending that the district court did not correctly weigh the relevant factors under 18 U.S.C. § 3553(a). He also argues that the district court violated the Eighth Amendment prohibition on cruel and unusual punishment by imposing an extreme and excessive sentence in gross disproportion to similarly situated defendants. After careful review, we affirm.

## I.

In 2017, Jackson pled guilty to one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 37 months' imprisonment and 3 years of supervised release. In June of 2019, a probation officer filed a noncompliance report informing the district court that Jackson had tested positive for marijuana, in violation of one of the standard conditions of supervised release. Probation recommended that Jackson be permitted to remain on supervision, and the district court agreed. In November of 2023, probation filed an amended petition alleging that Jackson again violated the terms of his supervised release, this time by (1) possessing controlled substances and drug paraphernalia (Violation One); (2) possessing a

23-14157                Opinion of the Court                3

firearm as a felon (Violation Two); and (3) committing new criminal offenses (Violations Three, Four, Five, and Six). Violations One, Two, and Three arose from new charges Jackson faced in Alabama. Violations Four, Five, and Six were related to conduct Jackson engaged in while detained in a state jail, including two incidents of indecent exposure, one act of violence, and possession of a contraband weapon. Based on these violations, probation sought an arrest warrant and revocation of Jackson's supervised release. Probation submitted, together with the petition, an amended revocation sentencing recommendation stating that Jackson had committed Grade B violations and that his criminal history category was III and the resulting Chapter Seven guideline range was 8–14 months. The recommendation also stated that the statutory maximum punishment was 24 months' imprisonment, with no term of supervised release to follow.

Jackson waived his right to a revocation hearing and admitted to the violations. At the revocation sentencing hearing, the district court heard a statement from Jackson's father, who spoke about his own incarceration during Jackson's teenage years, his post-incarceration employment, and his plan for Jackson to work with him in the same field. Jackson's father asked the district court to consider a resolution that would allow Jackson to "come on home" and "grow up" and develop a lifestyle outside of the prison system. Jackson's father also told the court that he was on supervised release himself, and that he would be able to help Jackson avoid future violations.

Jackson's lawyer then addressed the district court. She told the court that Jackson had been incarcerated for four-and-a-half years and that, as to the violations for which he had been convicted of crimes in another court, he had been sentenced to time served because of the length of his incarceration. She discussed Jackson's two young children and told the district court that he was involved in their lives before his incarceration and wanted to be a father to them in the future. Citing Jackson's family bonds and potential for employment, counsel requested a guideline sentence between 8 and 14 months, to run concurrent with Jackson's state sentence. Then Jackson, speaking on his own behalf, told the district court simply, "I take responsibility, Your Honor. Whatever you see fit."

The government asked the district court to vary upward to the statutory maximum sentence of 24 months' imprisonment, to run consecutively with Jackson's state sentence, with no supervised release to follow. The government contended that such a sentence was appropriate given the circumstances of Jackson's violations, particularly his possession of a firearm and the danger this conduct posed to the community "in a way that is not seen in every case or that is considered by the advisory guidelines."

After hearing from both parties, the district court found that Jackson had violated the terms of his supervised release and revoked his supervision. The court stressed the violent nature of Jackson's conduct, including his recent assault on a fellow inmate while in custody, and noted its concern for public safety. Speaking to Jackson's father, the district court explained that Jackson was

"not a teenager or somebody who is young," and that he continued to commit crimes, including violent ones, while already in custody. Absent those facts, the district court said, it "would consider what [Jackson's father] said as persuasive." But, given the circumstances, the district court stated that its greater concern had to be "for the protection of society." The district court then pronounced its sentence of 24 months' imprisonment with no supervised release to follow. The court also noted that it had considered the Chapter Seven provisions and found them "inappropriate here," and confirmed that its decision to vary upward was supported by the information presented in the petition.[1] Jackson preserved his objection to the district court varying upwards from the guideline range.

This appeal follows.

## II.

Jackson first argues that the district court abused its discretion by varying upward from the advisory guideline range and sentencing him to the statutory maximum term of imprisonment, without properly weighing the relevant § 3553(a) factors, resulting in a substantively unreasonable sentence. He also contends that the district court made a clear error of judgment by not giving substantial weight to the policies laid out in Chapter Seven and that it imposed a sentence outside the reasonable range based on the facts of the case. We disagree.

---

[1] Chapter Seven of the United States Sentencing Commission Guidelines Manual concerns violations of probation and supervised release.

We review a district court's revocation of supervised release for abuse of discretion and the sentence imposed following a revocation for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). The proper factors are set out in § 3553(a) and include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. § 3553(a)(1)–(2); *see also Irey*, 612 F.3d at 1198, 1212–13, 1220.

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quoting *United States v. Williams*, 456 F.3d 1535, 1363 (11th Cir. 2006)). The district court may "attach 'great weight'" to any single factor or combination of factors. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quoting *United States v. Shaw*, 560 F.3d 1230, 1237

(11th Cir. 2009)).  The district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).  Instead, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in [§] 3553(a) is sufficient."  *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005), *abrogated on other grounds by Rita*, 551 U.S. 338.  Finally, when "imposing an upward variance," a district court is "free to consider any information relevant to [the defendant's] 'background, character, and conduct.'"  *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (quoting 18 U.S.C. § 3661).

"We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance."  *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).  "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be 'sufficiently compelling to support the degree of the variance.'"  *Irey*, 612 F.3d at 1196 (quoting *Gall*, 552 U.S. at 50).

"The party challenging a sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts."  *United States v. Taylor*, 997 F.3d

1348, 1352–53 (11th Cir. 2021).  Traditionally, "we will vacate a sentence as substantively unreasonable only if 'we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'"  *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (quoting *Irey*, 612 F.3d at 1190).

Here, the district court did not abuse its discretion in imposing a substantial upward variance to Jackson's sentence.  *See Gall*, 552 U.S. at 51.  Although his sentence is above the guideline range, we do not presume that such a sentence is unreasonable and instead we "must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance."  *Goldman*, 953 F.3d at 1222.  The record indicates that, after hearing argument from both parties and statements from Jackson and his father, the district court attached great weight to the seriousness of the offense conduct and the need to protect society.  The district court was well within its discretion to make this determination and was not required to specify what weight it afforded to each § 3553(a) factor.  *See Scott*, 426 F.3d at 1329; *Talley*, 431 F.3d at 786; *Clay*, 483 F.3d at 743; *Overstreet*, 713 F.3d at 638; *Tome*, 611 F.3d at 1379.  The district court also explicitly stated that it considered Chapter Seven's provisions and determined that a guidelines sentence was inappropriate in this case because the facts supported an upward variance.  It is clear, therefore, that the district court considered the proper factors and did not consider any improper ones—and we find no clear error of judgment in the relative weight

the district court assigned to the facts before it.  The upward variance, therefore, was not an abuse of discretion.  *See Irey*, 612 F.3d at 1189.

Jackson has not met his burden of demonstrating that his sentence is unreasonable in light of the record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts. *See Taylor*, 997 F.3d at 1352–53; *Woodson*, 30 F.4th at 1308.  Accordingly, we affirm the substantive reasonableness of Jackson's sentence.

**III.**

Jackson next asserts that the district court plainly erred in imposing a sentence that violates the Eighth Amendment prohibition on cruel and unusual punishment.  He contends this is so because his sentence is grossly disproportionate to the gravity of his supervised release violations.  Again, we disagree.

We ordinarily review the legality of a sentence under the Eighth Amendment *de novo*.  *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012), *abrogated on other grounds by Paroline v. United States*, 572 U.S. 434 (2014).  However, if a defendant fails to object on these grounds before the district court, we review only for plain error.  *Id.*  Under our plain error standard, the appellant "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment does not require strict proportionality between a crime and its sentence, but it does forbid sentences that are grossly disproportionate to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). To succeed on a disproportionality claim, a defendant must therefore make a threshold showing that his sentence is grossly disproportionate to the offense of conviction. *McGarity*, 669 F.3d at 1256. If that threshold is satisfied, the court must compare the defendant's sentence to sentences imposed in the same and other jurisdictions for the commission of the same crime. *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005).

We have reasoned that gross disproportionality is reserved for rare, extraordinary situations. *United States v. Farley*, 607 F.3d 1294, 1343–44 (11th Cir. 2010). Moreover, "outside the context of capital punishment, there have been very few successful challenges to the proportionality of sentences" due to "the level of deference we accord Congress's 'authority to determine the types and limits of punishments for crimes.'" *McGarity*, 669 F.3d at 1256 (alternations adopted) (quoting *United States v. Johnson*, 451 F.3d 1239, 1242–43 (11th Cir. 2006)). We have repeatedly rejected gross disproportionality claims. *See, e.g.*, *Farley*, 607 F.3d at 1343–46; *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000). Indeed, we have "never found a term of imprisonment to violate the Eighth Amendment, and outside the special category of juvenile offenders the

23-14157                Opinion of the Court                11

Supreme Court has found only one to do so."[2] *Farley*, 607 F.3d at 1343. Additionally, as a general matter, a sentence that falls within the limits imposed by statute is neither excessive nor cruel and unusual. *Johnson*, 451 F.3d at 1243.

Because Jackson did not preserve his Eighth Amendment argument before the district court, our review is for plain error. *See McGarity*, 669 F.3d at 1255. Here, the district court did not plainly err in sentencing Jackson to 24 months' imprisonment because his sentence was the maximum permitted by statute, and sentences within the statutory range are generally neither cruel nor unusual. *See Johnson*, 451 F.3d at 1243. Jackson failed to cite any precedent holding that a 24-month sentence imposed on someone in a similar situation is grossly disproportionate, thus he has not met the burden of establishing that any error in sentencing him was plain. *See Farley*, 607 F.3d at 1343–46; *see also Gresham*, 325 F.3d at 1265. Because Jackson has not made the threshold showing of disproportionality, *see McGarity*, 669 F.3d at 1256, we need not proceed to compare his sentence to those imposed on similarly situated defendants, *see Raad*, 406 F.3d at 1324.

Finding no plain error, we affirm Jackson's sentence.

**AFFIRMED.**

---

[2] The one case in which the Supreme Court has found a prison sentence to violate the Eighth Amendment involved a petty criminal who wrote a bad check for $100 and received a sentence of life imprisonment without parole. *Farley*, 607 F.3d at 1343 (citing *Solem v. Helm*, 463 U.S. 277, 280–81 (1983)).